**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**LOUIS BROFSKY,**

**Plaintiff,**

**- against -**

**IKIGAI MARKETING WORKS LLC, ET AL.,**

**Defendants.**

**25-cv-3805 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The plaintiff, Louis Brofsky, brought an action against the two corporate defendants, Ikigai Marketing Works LLC ("Ikigai") and Pooph Inc. ("Pooph"), for breach of contract, violation of the New Jersey Sales Representatives' Rights Act, and conversion, arising from the defendants' alleged failure to pay commissions allegedly due to the plaintiff under an independent sales representative agreement. The plaintiff now moves to strike the defendants' answer, for an entry of default and a default judgment, and for asset-preservation relief. The parties have also moved to seal certain filings. For the reasons that follow, the plaintiff's motion to strike the defendants' answer, for an entry of default and a default judgment, and for asset-preservation relief is **denied.** The pending motions to seal are **granted.**

## I.

The plaintiff filed his complaint against the two defendants on May 7, 2025. See ECF No. 1. On July 7, 2025, the defendants answered the complaint through counsel of the law firm TALG, Ltd. See ECF No. 9. On

November 10, 2025, the Court referred the case to Magistrate Judge Jennifer E. Willis for general pretrial purposes. See ECF No. 19.

On April 8, 2026, while discovery was underway, TALG, Ltd. filed a motion for leave to withdraw as counsel for the defendants and requested a stay of the proceedings to permit the defendants time to retain new counsel. See ECF No. 65. TALG, Ltd. also moved to seal certain materials submitted with its motion to withdraw. See ECF No. 60. On April 28, 2026, Magistrate Judge Willis granted TALG, Ltd.'s motion to withdraw and ordered the defendants to retain new counsel and have their new counsel file notices of appearance by June 29, 2026. See ECF No 86. Magistrate Judge Willis noted in her order that if the defendants failed to appear by new counsel by that date, the plaintiff had leave to move for a default judgment against the defendants. Id. The order also required the defendants to meet various discovery deadlines once new counsel appeared in the action on their behalf. Id.

On June 25, 2026, Jane Pak, the Manager and Chief Executive Officer of Ikigai and former Chief Executive Officer of Pooph, emailed Magistrate Judge Willis a letter requesting an extension of time for the defendants to appear by new counsel, citing financial difficulties. See ECF No. 90. Magistrate Judge Willis denied the request as improper and ordered the plaintiff to submit a proposed briefing schedule for the motion for default judgment. Id.

On July 18, 2026, the plaintiff filed a motion to strike the defendants' answer, for an entry of default and a default judgment, and for asset-

preservation relief, arguing that this relief was appropriate because of the defendants' failure to appear by new counsel and the defendants' alleged failure to produce various documents in discovery. See ECF No. 93. The plaintiff also moved to seal certain materials submitted with its motion. See ECF No. 99. The day after the plaintiff filed the motion for a default judgment, the defendants appeared by new counsel. ECF No. 101. Magistrate Judge Willis granted the defendants an extension of time to oppose the pending motion. ECF No. 105. On August 17, 2026, the defendants, through their new counsel, filed their opposition. ECF No. 107.

**II.**

The determination of whether to grant a party's motion for a default judgment is within the sound discretion of the district court. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). However, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits."[1] Pecarsky v. Galaxi-world.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). Default judgments are therefore "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96; see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

In deciding a motion for a default judgment, the Court is guided by the same factors that apply to a motion to set aside the entry of a default. See Enron Oil Corp., 10 F.3d at 96. These factors are: (1) whether the default was willful; (2) whether there is a meritorious defense; and (3) prejudice to the non-defaulting party. See id.; see also Pecarsky, 249 F.3d at 171–74.

**A.**

The plaintiff first asks the Court to strike the defendants' answer and enter a default judgment because of the corporate defendants' failure to appear through new counsel by the deadline imposed by Magistrate Judge Willis, despite the express warning that default could follow.[2]

The defendants have made a sufficient showing that their default was not willful but rather caused by financial difficulties in obtaining new counsel. At the time when the defendants were searching for new counsel, neither defendant had any operating income. See Pak Decl. ¶ 6, ECF No. 108. The fact that the defendants communicated with the Court about the difficulty they had in securing new counsel is also evidence of a lack of willfulness. See Pecarsky, 249 F.3d at 172 (finding no willfulness where the corporate

---

[2] Magistrate Judge Willis imposed the requirement that the defendants appear by new counsel because it is well-settled that corporations may only appear in court through an attorney and may not proceed pro se. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993). "In entering default judgment against a corporate defendant for failing to appear by counsel, it is also appropriate for a court to strike the answer and counterclaims of that defendant." Next Proteins, Inc. v. Distinct Beverages, Inc., No. 9-cv-4534, 2012 WL 314871, at *2 (E.D.N.Y. Feb. 1, 2012).

defendants were "not ignoring court orders," and "made repeated efforts to inform the court of their difficulties in finding new counsel."). When Magistrate Judge Willis understandably denied the defendants' request for an extension of time, the defendants ultimately obtained and appeared by new counsel. The defendants' eventual appearance through counsel distinguishes this case from Eagle Associates v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991), which the plaintiff refers to in his reply brief. See Pl.'s Reply at 2, ECF No. 109. In that case, the corporate defendant never appeared by new counsel and instead attempted to appear pro se in defiance of the district court's order. Eagle Assocs., 926 F.2d at 1310. Here, by contrast, there was a delay in appearance by counsel of less than one month, and it was caused by financial difficulties rather than recalcitrance.

The defendants also may have a meritorious defense. "The test of [a meritorious] defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Pecarsky, 249 F.3d at 173. The defendants proffer several plausible defenses to the plaintiff's substantive claims, including that the plaintiff himself failed to perform under the alleged agreement between the parties. See Defs.' Opp'n at 8–9, ECF No. 107; Pak Decl. ¶¶ 12–13, ECF No. 108. These defenses cannot be dismissed out of hand through the entry of a default judgment.

Finally, the plaintiff has not been prejudiced by the defendants' delay of less than one month in appearance by new counsel. "[D]elay standing alone

does not establish prejudice." Enron Oil Corp., 10 F.3d at 98. The prejudice Magistrate Judge Willis previously identified—the possibility that the defendants would declare bankruptcy—has not come to pass. See ECF No. 90 at 2. The defendants proffer that a favorable development in another litigation has relieved them of some of the financial difficulties that impeded their ability to retain new counsel. See Defs.' Opp'n at 6 n.2. The plaintiff does not identify any other prejudice resulting from the delay. Indeed, had the plaintiff withdrawn the motion upon the defendants' appearance by new counsel, the parties could have moved the litigation along and minimized further delay. Instead, the parties spent extensive labor and time briefing a motion for a default judgment, which is an extreme remedy in any event.

Therefore, the motion to strike the defendants' answer and enter a default judgment because of the defendants' failure to appear by new counsel is **denied.**

**B.**

The plaintiff additionally argues that Federal Rule of Civil Procedure 37 provides an additional, independent reason to strike the defendants' answer and to enter a default judgment due to the defendants' alleged failure to produce documents. See Fed. R. Civ. P. 37(b)(2)(A).

Whether there was a failure to produce documents in violation of a court order, and if so, what the appropriate remedy for that would be, are matters best left to the determination of Magistrate Judge Willis in the first

instance. The plaintiff's pending motion to strike the defendants' answer and enter a default judgment for the failure to produce documents is **denied** without prejudice to renewal before Magistrate Judge Willis.

**III.**

Finally, there are two pending motions to seal. In the first pending motion to seal, TALG, Ltd. requested leave to file materials with redactions with its motion for leave to withdraw as counsel. See ECF No. 60. The redacted portions of the materials contain sensitive, non-public financial information about the defendants and TALG, Ltd.'s motion to withdraw. "[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." In re B&C KB Holding GmbH, No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases). The motion to file these documents with redactions is accordingly **granted.**

In the second pending motion to seal, the plaintiff requested leave to file redacted exhibits with his motion for a default judgment. See ECF No. 99. The redacted materials were designated as confidential by the defendants under governing protective orders that require confidential materials to be filed under seal. The materials also include financial information about the defendants' vendors and the payment of commissions. Accordingly, the motion to file these documents with redactions is likewise **granted.**

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to strike the defendants' answer, for an entry of default and a default judgment, and for asset-preservation relief is **denied**. The motions to seal are **granted.**

The Clerk is respectfully requested to close **ECF Nos. 60, 93, and 99.**

**SO ORDERED.**

**Dated:** **New York, New York**
**November 23, 2026**

**John G. Koeltl**
**United States District Judge**